Jon D. Berman, Windsor, Conn., for plaintiffs.

John B. Hughes, New Haven, Conn., for Federal defendants.

Cornelius F. Tuohy, Kathryn Mobley, Robert T. Morrin, Hartford, Conn., for State defendant.

John F. McKenna, Hartford, Conn., for amici curiae Town of Windham, Town of Manchester and Greater Manchester Chamber of Commerce.

---

**EASTERN CONNECTICUT CITIZENS ACTION GROUP, et al.**

v.

**Elizabeth H. DOLE, et al.**

**Civ. No. H–86–286(JAC).**

United States District Court, D. Connecticut.

July 21, 1986.

## RULING ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

JOSÉ A. CABRANES, District Judge:

This action to enjoin the construction of a proposed four-lane expressway, known as "Relocated Route 6," between the eastern

Connecticut towns of Bolton and Windham is before the court on cross-motions for summary judgment.

The plaintiffs in this action are the Eastern Connecticut Citizens Action Group, Inc. and Stop I–84, Inc., both of which claim to be non-profit membership corporations, and 38 individuals who claim to own property that will be taken or diminished in value as a result of the construction of Relocated Route 6. The defendants are Elizabeth H. Dole, secretary of the United States Department of Transportation ("DOT"); John Bestgen, regional administrator for the Federal Highway Administration ("FHWA"); James J. Barakos, division administrator of the FHWA for Connecticut; and J. William Burns, commissioner of the Connecticut Department of Transportation ("ConnDOT").

The plaintiffs contend that the defendants have failed (1) to consider alternatives to the Relocated Route 6 proposal in violation of Section 102(2)(C) of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.;* (2) to prepare a new or supplemental environmental impact statement in violation of NEPA and the regulations promulgated thereunder; (3) to comply with NEPA and the relevant regulations in preparing an environmental assessment/re-evaluation/section 4(f) statement; (4) to comply with Section 4(f) of the Department of Transportation Act, 49 U.S.C. § 1651 *et seq.,* and the Federal-Aid Highway Act, 23 U.S.C. § 101 *et seq.,* in evaluating the impact of the proposed highway on public parklands, state forests and historic sites; (5) to comply with federal regulations governing the submission of concept plans pursuant to 23 U.S.C. § 103(e)(4); and (6) to consider alternatives to the impact of the proposed highway on wetlands in violation of DOT Order 5610.1B and Presidential Order 11190. The plaintiffs also contend that the defendant Burns will deprive them of property rights without due process of law by proceeding with right-of-way acquisitions before obtaining a permit for the proposed highway from the United States Army Corps of Engineers ("Corps of Engineers") pursuant to Section 404 of the Clean Water Act, 33 U.S.C. § 1344.

The plaintiffs seek a declaratory judgment that the defendants failed to comply with the federal environmental laws as well as a preliminary and permanent injunction against further financing, disbursement of funds, planning, acquisition of land, contracting for or construction of the proposed Relocated Route 6. They also seek an order directing the defendants to rescind their approval of property acquisitions, designs for the proposed highway and the final environmental impact statement with respect to the proposed highway.

## Discussion

The defendants contend in support of their motion for summary judgment that the plaintiffs' claims are not ripe for judicial review because there has been no "final" administrative action that would permit the construction of the proposed highway.

Section 10(c) of the Administrative Procedure Act, 5 U.S.C. § 704, provides, with certain exceptions not relevant here, that only "final agency action" is subject to judicial review. The finality requirement of Section 10(c) is to be interpreted in "a pragmatic way," *Abbott Laboratories v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507, 1515–16, 18 L.Ed.2d 681 (1967), "with an eye toward protecting agencies from the disruption of piecemeal appeals and toward insuring that judicial review involves concrete disputes over meaningful interests, rather than abstract disputes over hypothetical governmental actions." *National Wildlife Federation v. Goldschmidt,* 677 F.2d 259, 263 (2d Cir.1982), *aff'g* 504 F.Supp. 314 (D.Conn.1980).

In determining whether an action ought to be dismissed on ripeness grounds, the court must "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Laboratories v. Gardner, supra,* 387 U.S. at 148–149, 87 S.Ct. at 1515. Moreover, any such hard-

ship must be "immediate and practical," *Frozen Food Express v. United States*, 351 U.S. 40, 44, 76 S.Ct. 569, 571, 100 L.Ed. 910 (1956), rather than remote and speculative. *See also Diamond Shamrock Corporation v. Costle*, 580 F.2d 670, 672 (D.C.Cir.1978) ("[w]hat is required is that the interests of the court and agency in postponing review until the question arises in some more concrete and final form, be outweighed by the interest of those who seek relief from the challenged action's 'immediate and practical impact' upon them").

The requirement of finality has frequently been applied in actions seeking to enjoin the construction of highways on environmental grounds. *See National Wildlife Federation v. Goldschmidt, supra*, 504 F.Supp. at 323 and cases cited therein. As our Court of Appeals has observed, "[t]he circumstances in which agency actions involving environmental concerns and highway construction are reviewable cannot be spelled out in exact detail." *National Wildlife Federation v. Goldschmidt, supra*, 677 F.2d at 264. Instead, a court must take a "common sense" approach to the question of finality. *Id.* Accordingly, the court turns to an examination of the facts of the instant case.

### 1. *The fitness of the issues for judicial decision*

█ It is not disputed that the DOT has approved a so-called "final environmental impact statement" and a subsequent "environmental assessment" with respect to the proposed highway.[1] *See* Complaint ¶ 54;

Affidavit of James F. Byrnes, Jr. (filed June 23, 1986) ("Byrnes Affidavit") ¶ 5. It is likewise not disputed that construction of Relocated Route 6 cannot commence until ConnDOT obtains permits from the various state and federal agencies that still must evaluate the environmental implications of the proposed highway. *See* Byrnes Affidavit ¶ 6. These agencies include the Corps of Engineers and the Connecticut Department of Environmental Protection.[2] *See id.* at ¶¶ 7–9; *see also* Complaint ¶¶ 93–95, 101.

Indeed, the plaintiffs anticipate that the Corps of Engineers will hold a public hearing before deciding whether to issue any permit for the construction of the highway pursuant to Section 404 of the Clean Water Act, 33 U.S.C. § 1344. *See* Complaint ¶ 97. They expect to take part in the permit process "including participation at any public hearing held by the Corps." *Id.* ¶ 98.

It is evident that the environmental impact statement and environmental assessment may have to be revised, or that the plans for the highway may have to be altered or even abandoned, as a result of the evaluations that still must be undertaken by the Corps of Engineers and the Department of Environmental Protection. *See id.* ¶ 96. Indeed, the plaintiffs state in their complaint that "the Corps has indicated that with respect to the Section 404 permit, 'a more detailed alternative discussion will be required.'" *Id.* ¶ 99, *quoting* correspondence of William F. Lawless, chief of the regulatory branch of the Corps

---

1. The environmental impact statement was prepared in the early 1970s when the Bolton-Windham highway was to have been a segment of the proposed Interstate 84 linking Hartford, Connecticut, and Providence, Rhode Island. The environmental assessment was intended to reevaluate the Bolton-Windham highway in light of the abandonment of the interstate project. The environmental assessment was released in final form in October 1985.

2. The plaintiffs contend for the first time in their Supplemental Memorandum on the Issue of Ripeness (filed July 16, 1986) ("Supplemental Memorandum") that "there is nothing preventing the Defendants from commencing construction or other construction-related activities in non-wetland areas" prior to the review of the

project by the Corps of Engineers and the Department of Environmental Protection. However, the plaintiffs have offered no evidentiary support to controvert the sworn statement of James F. Byrnes, Jr., ConnDOT's director of environmental planning, that "[u]ntil such time as ConnDOT has obtained the ... federal and state permits, actual construction of Relocated Route 6 as proposed cannot occur." Byrnes Affidavit ¶ 9. Accordingly, the court accords no particular weight to the plaintiffs' assertions in this regard. Of course, if the defendants should begin construction of the highway prior to the completion of administrative review by the Corps of Engineers and the Department of Environmental Protection, the plaintiffs are free to seek appropriate judicial relief.

of Engineers. Counsel for the federal defendants likewise indicated at oral argument on July 11, 1986, that the Corps of Engineers is likely to require supplementation of the environmental impact statement and environmental assessment.

Accordingly, in light of this undisputed evidence, the court finds that the issues raised by the plaintiffs are not yet fit for judicial decision.

### 2. The hardship to the parties of withholding court consideration

■ The defendants have repeatedly emphasized in their papers and at oral argument that no construction work will begin on the proposed highway until the necessary permits have been obtained from the Corps of Engineers and the Department of Environmental Protection. *See, e.g.,* Byrnes Affidavit ¶¶ 6, 10. Accordingly, a decision by the court to defer consideration of the plaintiffs' claims until the highway proposal has been evaluated by those agencies would not "significantly affect[ ] the quality of the human environment." 42 U.S.C. § 4332(2)(c). Moreover, the plaintiffs would then have an opportunity to present their environmental concerns to these agencies, which, unlike a reviewing court, can "interject [themselves] within the area of discretion of the executive as to the choice of the action to be taken." *Strycker's Bay Neighborhood Council v. Karlen,* 444 U.S. 223, 227–228, 100 S.Ct. 497, 500, 62 L.Ed.2d 433 (1980) (discussing narrow scope of judicial review of agency decisions subject to NEPA); *see also Sierra Club v. United States Army Corps of Engineers,* 772 F.2d 1043, 1050 (2d Cir. 1985).

Many of the plaintiffs appear to be less concerned about the environment, however, than about the prospect of losing some or all of their property to the proposed highway. They contend that the mere acquisition of their land by the State of Connecticut will cause them a substantial hardship, even if they are paid just compensation and are permitted to remain on the land at a fair rent pursuant to state law until construction begins, because "[t]here is no reason to believe that [they] would want to continue to occupy their properties ... encumbered by the uncertainties of such a lifestyle." Plaintiffs' Supplemental Memorandum on the Issue of Ripeness (filed July 16, 1986) at 5.[3]

The court does not entirely disregard the discomfort that a person may experience as a result of "uncertainties" in his "lifestyle" that may not be resolved for some months. Of course, the plaintiffs apparently have managed to live with similar "uncertainties" throughout most of the approximately fifteen years since the route of the proposed highway was selected. It is clear in any event that whatever "immediate and practical" hardships may be suffered by the plaintiffs are substantially outweighed by the benefits that may be gained by deferring judicial review until the administrative decision to build the proposed highway becomes truly "final." Accordingly, inasmuch as the plaintiffs did not dispute at oral argument that a decision adverse to them on the ripeness issue would foreclose present judicial consideration of all of their pending claims, the action shall be dismissed without prejudice to renewal upon the completion of administrative action.

### Conclusion

For the reasons stated above, the defendants' motion for summary judgment is granted, and the plaintiffs' cross-motion for summary judgment is denied.[4] This

---

**3.** The plaintiffs also contend that, if the highway proposal is ultimately abandoned by the defendants, "there is no procedure under either State or Federal law allowing the former owners of property taken by condemnation in connection with an abandoned proposal to repurchase said property from the State." Supplemental Memorandum at 2. However, the court takes note of the representations of defendant Burns in his Response to Plaintiffs' Supplemental Memoran-

dum on the Issue of Ripeness (filed July 17, 1986) that C.G.S. § 13a–73(c) "authorizes the Commissioner to sell property back to the plaintiffs." *Id.* at 3.

**4.** Of course, the court intimates no views at this time with respect to the other claims raised in the cross-motions for summary judgment.

action shall be dismissed without prejudice to renewal upon the completion of final administrative action. The Clerk is hereby instructed to retain the full record of this case for use in the event that the plaintiffs renew any or all of their claims at some future date.

It is so ordered.